UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
REBECCA FAY WALSH,
                    Plaintiff,

         v.

TOWNSQUARE MEDIA, INC,

                    Defendant.
------------------------------------------------------------ x

Case No. 19-cv-4958-VSB

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT TOWNSQUARE MEDIA, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Rachel F. Strom
James E. Doherty
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
Phone: (212) 489-8230
Fax: (212) 489-8340
RachelStrom@dwt.com
JimDoherty@dwt.com

*Counsel for Defendant*
*Townsquare Media, Inc.*

Plaintiff bases her entire opposition to Townsquare's motion ("Opp. Br.")[1] on the false premise that XXL, itself, randomly selected her Photograph for the Article, instead of countless other publicly available photos of Cardi B, to merely "illustrate" a report that Cardi B attended a 2018 Tom Ford Fashion Week event.  But as the exhibits to Plaintiff's own Amended Complaint establish, that is not at all what happened here.  The undisputed facts are that XXL embedded a link to a social media post by Cardi B (the Post) in the Article.  In that Post, *Cardi B*, not Townsquare, included a cropped version of the Photograph (showing herself waving "bye") next to a photograph of her lipstick tube under the headline "Cardi B's Tom Ford Lipstick has already SOLD OUT!!!" along with Cardi B's commentary "'*Sorry:/....*"  As the XXL Article explains, although her original social media post announcing her collaboration started a "heated debate" (because she got into a fight with another celebrity at Fashion Week) this new Post – the Post at issue – shows that Cardi B "doesn't seem bothered by that."  (Strom Decl. Ex. C; Am. Compl. Exs. C, D).  That is to say, Townsquare used Cardi B's own social media reaction to the launch, public controversy, and immediate success of her new line of lipstick to comment on how Cardi B appeared to rise above the "heated debate".  Plaintiff has *no* argument that XXL's use of the Photograph within the context of Cardi B's Post – the actual use at issue –was not a fair use.

This failure to grapple with the actual facts is precisely what Plaintiff's counsel tried – but failed – to do in *Clark v. Transportation Alternatives, Inc.*, No. 18 Civ. 9985 (VM), 2019 WL 1448448 (S.D.N.Y. Mar. 18, 2019).  In that case, like in this one, Plaintiff's counsel argued that the defendant used the plaintiff's photograph (there of a dockless bike) to "illustrate a news report" about the subject matter of the article – dockless bikes.  *Id.* at *3.  But, Judge Marrero found, on a motion to dismiss, that this argument "flies in the face" of the defendant's actual use.

---

[1] Unless otherwise noted, this reply brief uses the same abbreviations and capitalized terms as those set forth in Townsquare's moving memorandum of law ("Townsquare Br.").

1

*Id.*  In reality, the photograph at issue in *Clark* was first published by the *New York Post* and the defendant's use of the photograph commented "specifically about the incongruity of the *Post*'s publication of an article with an illustration that seems to refute its own headline. . . .  [T]he [defendant's] Article is not 'a news report about dockless bikes' . . . but rather [a] critique of an article that had appeared in the previous day's newspaper."  *Id.*  Judge Marrero reasoned that Plaintiff's counsel just "misses the point by arguing that [defendant] used the Photograph because it 'wanted an image of a [dockless] bicycle.'  To the contrary, as suggested above, no image other than the Photograph specifically as it appeared next to the *Post* Article's headline would have served [defendant's] purposes, for the [defendant's] Article focuses on the *Post*'s inapt placement of the Photograph in immediate physical proximity with a headline that the Photograph may contradict."  *Id.* at *4 (internal citation omitted).

Here too, Plaintiff "misses the point" when it claims that XXL "merely used the Photograph of Cardi B to illustrate a news story about the subject matter depicted in the Photograph: Cardi B."  Opp. Br. 7.  Rather, as in *Clark*, XXL used the Photograph within a specific context –the Photograph was only used within Cardi B's social media Post.  And, as in *Clark*, "no image other than the Photograph specifically as it appeared [in Cardi B's Post] would have served [XXL's] purposes" of commenting on Cardi B's social media reaction to the controversy surrounding her collaboration with Tom Ford.  2019 WL 1448448, at *4.  As in *Clark*, therefore, Townsquare's motion to dismiss should be granted because the use of the Photograph within the embedded Cardi B Post was unquestionably a fair use.

2

**ARGUMENT**

**DEFENDANT'S USE OF THE PHOTOGRAPH IS A PROTECTED FAIR USE**

Plaintiff's opposition here rests entirely on a misstatement of the facts and the law. Plaintiff incorrectly claims that a court cannot decide fair use on a motion to dismiss – particularly when the use is of a single photograph.  But, Plaintiff's counsel should know better as just this March they lost that argument in the *Clark* case, where Judge Marrero granted a motion to dismiss on a single news photograph.[2]  And, as discussed above, Plaintiff wholly misrepresents XXL's use of the Photograph.  Under the actual law and facts here, Townsquare's motion to dismiss should be granted.

**XXL's use of the Photograph – Within Cardi B's Instagram Post – is Transformative**

The parties agree that the first fair use factor focuses on the transformative nature of the use of the copyrighted work.  Opp. Br. 12.  But in order to argue that XXL's use of the Photograph is not transformative, Plaintiff simply avoids reality.  Plaintiff repeatedly misrepresents the purpose and character of Townsquare's secondary use of the Photograph. Plaintiff claims, for example, that "Defendant's use was not transformative because . . . it merely used the Photograph of Cardi B to illustrate a news story about the subject matter depicted in the Photograph: Cardi B." Opp. Br. 7.[3]  But as Plaintiff's own exhibits to the Amended Complaint make clear, Townsquare did not, as Plaintiff would have this Court believe, "merely" use the

---

[2] *Clark*, 2019 WL 1448448, at *5; *see also Sedgwick Claims Mgmt. Servs., Inc. v. Delsman*, No. C 09-1468 SBA, 2009 WL 2157573, at *4 (N.D. Cal. July 17, 2009) (granting defendant's motion to dismiss copyright claim based on use of photos on defendant's website), *aff'd*, 422 F. App'x 651 (9th Cir. 2011).

[3] *See also* Opp. Br. 1 ("Defendant merely used the Photograph of Cardi B to illustrate a news story about the subject matter depicted in the Photograph: Cardi B,"); Opp. Br. 11 ("The bottom line is that Defendant used the Photograph to show what it depicts: Cardi B at Tom Ford's fashion show."); Opp. Br. 12 ("Defendant did not use Plaintiff's Photograph to report on some controversy surrounding the very existence of the Photograph itself.  Rather, Defendant simply used the Photograph to report on the content and subject matter depicted in the Photograph.  Accordingly, there can be no transformative effect.").

3

Photograph to illustrate a general news story about Cardi B attending a fashion event. As plainly evident in the Article (Am. Compl. Exs. C, D, and Strom Decl. Ex. C), Townsquare referenced and later embedded a link to the Post in the Article in order to comment on Cardi B's unfiltered reaction, in the exact format chosen by Cardi B, to the public debate and immediate success of her new line of lipstick. The only reason Townsquare showed the Photograph at all was because Cardi B included a cropped version of it in her social media Post.

> Plaintiff's own Opposition Brief makes this clear when it quoted the Article at issue here:
>
> As expected, the decision to name a lipstick after Cardi [after she got in a fight at Fashion Week] has led to a heated debate on the original Instagram post [announcing the lipstick]. While some fans were excited about the upcoming product, other's [sic] felt that Cardi doesn't deserve to have a lipstick named after her. But Cardi doesn't seemed [sic] to [sic] bothered by that. ***In another Instagram post [the Cardi B. Instagram Post], the rapper claimed the upcoming lipstick has already sold out, adding, 'Sorry:/….'***".

Opp. Br. 4 (emphasis added). Only after discussing the social media controversy here, did Townsquare embed Cardi B's Post so that the readers could assess her response for themselves.[4]

Thus, Plaintiff's reliance on *Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537 (S.D.N.Y. 2013), where the defendant merely reproduced the plaintiff's original news content, and *Barcroft Media, Ltd. v. Coed Media Group, LLC*, No. 16-CV-7634 (JMF), 2017 WL 5032993 (S.D.N.Y. Nov. 2, 2017) and the related line of cases cited by her (Opp. Br.

---

[4] Similarly divorced from reality are Plaintiff's statements that Townsquare replaced Cardi B's Post with another photograph of Cardi B after the commencement of this action ("After this lawsuit was filed, Defendant took down the Photograph and substituted it with another image of Cardi B which was licensed through Getty, demonstrating that Defendant's unauthorized use of the Photograph in the first instance was not integral to the message it sought to convey") (Opp. Br. 3) and ("To the extent any controversy existed at all . . . , such debate was limited to whether Cardi B deserved to market a lipstick. Indeed, as illustrated by Defendant's revised publication of the article [Dkt. #11-4], any photograph of Cardi B would have served Defendant's news reporting purpose in the exact same manner") (Opp. Br. 12). The truth, as evidenced through a simple review of the revised version of the Article, is that Townsquare removed the embedded link to the Cardi B Post and did not replace it with anything at all. *See* Strom Decl. Ex. C (original version of the Article) and Am. Compl. D (revised version of the Article). The idea that it used a replacement image through Getty is completely made up.

7-13), that rejected fair use defenses where the use of a photograph was, in fact, "merely illustrative" of the subject matter of the stories is misplaced.  While those cases may be correct, Townsquare did not simply publish the Photograph to illustrate a story about Cardi B attending a fashion event.  Townsquare did not select the Photograph at all.  Rather, Townsquare used the Cardi B Post in the Article to inform its readers about Cardi B's social media reaction to the social media controversy surrounding her lipstick line.[5]  As set forth in Townsquare's Brief, this is just the type of use that courts deem to be fair.  Townsquare Br. 9-10 (citing *Nuñez v. Caribbean Int'l News Corp.*, 235 F.3d 18, 22 (1st Cir. 2000); *Konangataa v. American Broad. Cos.*, No. 16-cv-7382 (LAK), 2017 WL 2684067, at *1 (S.D.N.Y. June 21, 2017)).  *See also Clark*, 2019 WL 1448448.

**The Second Fair Use Factor Also Weighs In Favor of Fair Use**

With respect to the second fair use factor, the nature of the copyrighted work, Plaintiff's Opposition Brief provides only cursory, self-serving arguments that greatly overstate the level of creativity that should be afforded to the Photograph.  Opp. Br. 14-15.  The Photograph is a candid, paparazzi photo of Cardi B attending a public event.  Am. Compl. Ex. A (the Photograph) and *id.* Ex. C (cropped version of the Photograph in the Post).  As previously set forth in the Townsquare Brief, photographs taken for newsgathering or other non-artistic

---

[5] Plaintiff also claims "a trivial debate over whether Cardi B deserves to market a lipstick" line may not be sufficiently newsworthy to warrant a fair use defense.  Opp. Br. 11.  Of course, this ignores her own concession that "salacious photographs of Miss Puerto Rico Universe" that were used "to comment on the political controversy surrounding the existence of the photographs and their impact on the beauty queen's qualifications to retain the crown" were sufficiently newsworthy.  Opp. Br. 9 (citing *Nuñez*, 235 F.3d at 25).  If a debate over a beauty queen's qualification is sufficiently newsworthy, a discussion of a celebrity's qualifications to collaborate with a fashion brand also suffices.  *See also FameFlynet, Inc. v. Breitbart News Network, L.L.C.*, No. CV 17-05416 TJH, 2018 WL 6321648, at *5 (C.D. Cal. Nov. 28, 2018) (defendant's "use [of a photograph of a troubled NFL quarterback apparently smoking marijuana] was to report news"); *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 596 (S.D.N.Y. 2018) (subject photograph of Tom Brady, Danny Ainge, and Kevin Durant was sufficiently newsworthy to result in its appearance in numerous published articles regarding the Celtics' efforts to recruit Durant to Boston potentially forming the basis for "a very serious and strong fair use defense").

5

purposes, like the Photograph, do support a finding of fair use. Townsquare Br. 10-12. Plaintiff has offered nothing in her Opposition to refute this. And the fact that the Photograph was already widely available to the public (through Cardi B's use of the Photograph in her Post) by the time Townsquare published the Article also supports a finding of fair use.

**The Third Factor – the Amount of the Photograph Used – Also Supports a Fair Use Determination**

Plaintiff's analysis with respect to the third fair use factor similarly misses the mark. Plaintiff incorrectly states that "Defendant has taken the heart of the full-color Photograph" and "Defendant's wholesale reproduction of the Photograph, without any aesthetic alteration, demonstrates the works' [sic] qualitative value" (Opp. Br. 16) in support of her claim that the third relevant factor, the amount and substantiality of the allegedly infringing use, weighs against fair use. But yet again – Townsquare did not reproduce the Photograph. Townsquare simply embedded a link to the Cardi B Post that did, in fact, meaningfully modify the Photograph as part of her social media Post. Am. Compl. Ex. A, and Strom Decl. Ex. C.

Underscoring this misrepresentation, Plaintiff claims that "Defendant's copying of the Photograph was <u>unnecessary</u> to achieve Defendant's news reporting purpose. . . . In this case, there were at least three legal alternatives available to Defendant which did <u>not</u> include the 'lazy appropriation' of Plaintiff's work: (1) Defendant could have published its news story about Cardi B *without* any photograph whatsoever; (2) Defendant could have commissioned its own photographer to create an original work depicting Cardi B; or (3) Defendant could have obtained a license directly from Plaintiff." Opp. Br. 16.

Again, this exact argument – nearly word for word the same – was rejected in *Clark*, where the court held that "[a]gain, Clark's argument – that [defendant] TransAlt could have commissioned a different photograph of a dockless bicycle, licensed the Photograph, or used no

6

photograph at all – is entirely meritless, insofar as it would have produced impractical results: either stifling the TransAlt critique altogether, or requiring its publication with a photographic image that may not have adequately communicated the intended point, and thus not have served the author's purpose." 2019 WL 1448448, at *4.[6]  The court reasoned that the defendant's use "showed the Photograph <u>as used in the context of the Post</u> Article to highlight the *Post*'s decision to place <u>this</u> particular photograph directly alongside the *Post* Article's headline.  Neither the absence of a photograph, a different photograph of a dockless bicycle, nor the Photograph as a licensed standalone image would have accomplished the purpose of TransAlt's use." *Id.*

And that is precisely the same way that XXL showed the Photograph here.  It was only used in the context of the embedded Cardi B Post to comment on Cardi B's social media response to the social media debate surrounding her successful lipstick launch – which was made over social media.  A different photograph of Cardi B would not have served XXL's purpose at all; it would not have shown Cardi B's humorous response to the controversy, which was necessary to support XXL's belief that the Post showed that Cardi B was not "bothered" by the naysayers.  And removing the Post altogether has stifled XXL's critique.  For this reason, this third factor also weighs in favor of a fair use determination.

**The Fourth Factor– the Effect on the Market – Also Supports a Fair Use Finding**

The court's reasoning in *Clark* is similarly on point for the fourth fair use factor.  In *Clark*, the court reasoned that

---

[6] The fact that Plaintiff's counsel makes word for word arguments in cases with very different facts caused Justice Marrero some concern as he "agree[d] with TransAlt's observation that Clark's arguments so fail to track the facts of this case that they read as if taken from briefing in litigation over an entirely different fact pattern." *Clark*, 2019 WL 1448448, at *5.  And, the *Clark* court had reason for concern.  Not only did Plaintiff make this argument in this case and in *Clark,* he made the same argument – nearly verbatim – in *Otto v. Hearst Communications, Inc.*, No. 17-cv-04712 (S.D.N.Y.) Dkt. 37 at 20.  *See also Clark*, No. 18-cv-9985 (S.D.N.Y.), Dkt. 14 at 3.

7

> the Photograph did not appear on its own, but within the Screenshot [showing the *New York Post* headline with the Photograph]. The Screenshot does not function as an illustration of a dockless bicycle, because it also contains the *Post* Article's headline, author byline, and photographer credit. Hence the Screenshot does not compete against the Photograph in the enterprise of depicting dockless bicycles – there is little risk that someone looking to license or purchase an image of a dockless bicycle would select the Screenshot instead of the Photograph, thereby potentially diverting revenue to TransAlt that would have otherwise gone to Clark. Because the Screenshot is not a "market substitute" for the Photograph, the Court finds that Trans/Alt's use does not "usurp[ ] the market of the original work." Hence this factor cuts in favor of a finding of fair use.

*Clark*, 2019 WL 1448448, at *4 (citations omitted). This reasoning applies with equal force here. There is "little risk" that someone looking to license a photograph of Cardi B would use the Article's embedded link to Cardi B's social media Post – where she cropped the Photograph, put on a large headline announcing that her lipstick line was "SOLD OUT!!!" and included a photograph of her lipstick. That simply defies reality. Plaintiff's Photograph of Cardi B can still be used – like the numerous other Getty-licensed photographs of Cardi B that Plaintiff annexed to her Amended Complaint – for those "merely" wishing to illustrate an article about Cardi B. Am. Compl. Ex. B. Thus, this fourth factor also weighs in favor of fair use.

8

**CONCLUSION**

For all of the foregoing reasons, as well as those previously set forth in the Townsquare Br., each of the four statutory factors weighs heavily in favor of fair use in this case. This Court should, therefore, grant Townsquare's motion for judgment on the pleadings; dismiss the Plaintiff's Amended Complaint with prejudice; and award Townsquare its attorneys' fees and costs, as prevailing parties, pursuant to 17 U.S.C. § 505.

DATED:  September 24, 2019

Respectfully submitted,
**DAVIS WRIGHT TREMAINE LLP**

By:   /s/Rachel F. Strom/
Rachel F. Strom
James E. Doherty
1251 Avenue of the Americas, 21st Floor
New York, New York  10020
Phone:  (212) 489-8230
Fax:  (212) 489-8340
RachelStrom@dwt.com
JimDoherty@dwt.com

*Counsel for Defendant
Townsquare Media, Inc.*