UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

REBECCA FAY WALSH,

                Plaintiff,

   - against –

TOWNSQUARE MEDIA, INC.,

                Defendant.

---------------------------------------------------------------x

Civil Action No.1:19-cv-04958-VSB

**MOTION BY DEFENDANT TOWNSQUARE MEDIA, INC. FOR AN AWARD OF ATTORNEYS' FEES**

      PLEASE TAKE NOTICE that upon the foregoing Memorandum of Law, and Declaration of Rachel F. Strom dated June 16, 2020, Defendant Townsquare Media, Inc. (the "Defendant"), by and through its undersigned counsel, hereby moves this Court pursuant to Section 505 of the United States Copyright Act, 17 U.S.C. § 505, and Rule 54(d) of the Federal Rules of Civil Procedure, for an order granting it an award of attorneys' fees and costs as the prevailing party in this action against plaintiff Rebecca Fay Walsh (the "Plaintiff").

      As grounds for the motion, Defendant states as follows:

      On June 1, 2020 the Court issued an Opinion and Order ("Order") granting the Defendant's motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, dismissing the complaint with prejudice.  In the Order, the Court held that Defendant's use of the subject photograph in this copyright infringement action constituted a fair use, as a matter of law.  [Dkt. No. 22].  The following day, June 2, 2020, the Court entered final judgment dismissing the action with prejudice.  [Dkt. No. 23].

      The Copyright Act grants district courts broad discretion to award attorneys' fees and costs to prevailing parties.  In light of the Court's Order and Judgment dismissing all of

Plaintiff's claims with prejudice pursuant to Rule 12(c) [Dkt. Nos. 22 and 23], there can be no doubt that the Defendant is the prevailing party in this lawsuit.

An award of attorneys' fees and costs to the Defendant, therefore, is fully supported by all of the factors identified by the Supreme Court for district courts to consider in deciding whether to award attorneys' fees to prevailing parties in copyright infringement cases. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). Moreover, this is without question the sort of case that the Supreme Court envisioned when it held in *Fogerty* that awarding attorneys' fees to prevailing defendants may be necessary to promote the policies of the Copyright Act and prevent meritless lawsuits. Under these circumstances, the Defendant submits that the Court should award attorneys' fees and costs to Defendant in full.

WHEREFORE, the Defendant moves that the Court award Defendant its reasonable attorneys' fees and costs incurred in defending this litigation.[1]

Dated: New York, New York
       June 16, 2020

**DAVIS WRIGHT TREMAINE LLP**

By: */s/* Rachel F. Strom
    Rachel F. Strom
    James E. Doherty
    1251 Avenue of the Americas, 21st Floor
    New York, NY 10020
    (212) 603-6473 – Phone
    (212) 489-8340 - Fax
    RachelStrom@dwt.com
    JimDoherty@dwt.com
    *Attorneys for Defendant*
    *Townsquare Media, Inc.*

---

[1] At this time, pursuant to Fed. R. Civ. P. 54, Defendant seeks only a ruling on Plaintiff's liability for Defendant's fees. Defendant will submit submissions on the value of these services at a date and time to be set by the Court. *See* Fed. R. Civ. P. Rule 54 (d)(2)(c) ("The court may decide issues of liability for fees before receiving submissions on the value of services."); *see also Hudson v. Universal Studios, Inc.*, 2009 WL 536564, at *1–4 n.1 (S.D.N.Y. 2009) (granting award of attorneys' fees and setting schedule to determine the appropriate amount of fees.).

4844-4161-3504v.2 0093353-000037