UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

----------------------------------------------------------------------------x
REBECCA FAY WALSH,

                Plaintiff,

    - against -

TOWNSQUARE MEDIA, INC.,

                Defendant.
----------------------------------------------------------------------------x

Docket No. 1:19-cv-04958-VSB


**MEMORANDUM OF LAW IN SUPPORT OF
MOTION BY DEFENDANT TOWNSQUARE MEDIA, INC.
<u>FOR AN AWARD OF ATTORNEYS' FEES</u>**

Rachel F. Strom
James E. Doherty
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas
21st Floor
New York, New York 10020
RachelStrom@dwt.com
JimDoherty@dwt.com
Telephone: (212) 603-6473
Facsimile: (212) 489-8340

*Attorneys for Defendant
Townsquare Media, Inc.*

4813-8717-7664v.3 0093353-000037

Defendant Townsquare Media, Inc. ("Defendant") respectfully submits the following memorandum of law in support of its motion, pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d), for an award of attorneys' fees, as the prevailing party in the above-captioned action.[1]

## PRELIMINARY STATEMENT

Section 505 of the Copyright Act authorizes this Court to award full "costs," including reasonable attorneys' fees to the "prevailing party." 17 U.S.C. § 505. After a careful review of the Complaint and relevant authorities, on June 1, 2020, this Court properly granted the Defendant's motion for judgment on the pleadings and issued an Opinion and Order ("Order") dismissing the Complaint, in its entirety, with prejudice. In the well-reasoned, 20-page Order, the Court held that all four of the statutory fair use factors weighed in Defendant's favor such that Defendant's use of the Plaintiff's photograph was fair as a matter of law. As a result, the Defendant is unquestionably the prevailing party in this Action. The Court should, therefore, exercise its discretion to award the Defendant its attorneys' fees pursuant to 17 U.S.C. § 505.

Plaintiff brought this action without first contacting the Defendant about the use of her photograph. Plaintiff then pressed her meritless claim by rejecting or ignoring all of Defendant's reasonable settlement offers even after being advised by Defendant of its intention to seek dismissal based on fair use. Plaintiff continues in her efforts to prolong this litigation to this day having now filed a motion for reconsideration that is baseless in law and fact. A fee award in Defendant's favor is particularly justified here, because: (1) the Defendant achieved complete success early in the action by securing a dismissal of the complaint pursuant to Rule 12(c); (2)

---

[1] Pursuant to Rule 54(d)(2)(C), on this motion Defendant seeks only a determination as to Plaintiff's liability for Defendant's attorneys' fees and will submit any additional evidence as to the value and amount of the fees, should the Court grant this motion. *See* Rule 54(d)(2)(C) ("The court may decide issues of liability for fees before receiving submissions on the value of services."); and *Hudson v. Universal Studios, Inc.*, 2009 WL 536564, at *1–4 n.1 (S.D.N.Y. Mar. 4, 2009) (granting fees and setting schedule to determine the appropriate amount). Nevertheless, at the time the motion on the pleadings was fully briefed, Defendant incurred $40,304.25 in attorneys' fees and costs, all of which it seeks to recover.

1

Plaintiff's copyright infringement claim was objectively unreasonable; (3) Plaintiff's inflated settlement demands suggest an improper motivation; and (4) an award of the Defendant's full attorneys' fees will advance the purposes of the Copyright Act as it will deter Plaintiff and others from pursuing such groundless litigation in the future. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). Defendant respectfully submits that the Court should award Defendant its attorneys' fees and costs in full.

## FACTUAL AND PROCEDURAL BACKGROUND

Given the detailed nature of the Order, Defendant's motion will assume the Court retains a general familiarity with the facts of this case and will merely summarize below some of the material facts. With no advance notice of Plaintiff's claim, on May 29, 2019, Plaintiff commenced this action for copyright infringement arising from the Defendant's embedded use of an Instagram post by rapper Cardi B (the "Post") in a news article. Cardi B's Post included a portion of Plaintiff's photograph and Defendant only used Plaintiff's photograph as it was included in that Post in order to comment on the Post. Defendant alerted Plaintiff's counsel of its intention to seek dismissal on fair use grounds, but nevertheless still made efforts to resolve this dispute in order to avoid the expense and burden of briefing the issue. In response, Plaintiff rested on wholly inflated settlement demands. Defendant then moved, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings seeking dismissal of the Amended Complaint on fair use grounds. [Dkt. Nos. 14, 15, and 16.].

On June 1, 2020, this Court granted the Defendant's motion in its entirety with prejudice holding that Defendant's use of the subject photograph was "fair as a matter of law." Order at 20. In so holding, this Court found that each of the four fair use factors weighed in Defendant's favor and that the crux of Plaintiff's argument was "manifestly untrue." *Id.* n.12.

The following day, June 2, 2020, the Court entered final judgment dismissing the action with prejudice. [Dkt. No. 23.] Plaintiff continues to press her meritless claim and has filed a motion for reconsideration on June 15, 2020. [Dkt. Nos. 24 and 25].[2]

Defendant now moves to recover its attorneys' fees pursuant to Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505.

## ARGUMENT

### DEFENDANT SHOULD BE AWARDED ITS REASONABLE ATTORNEYS' FEES

The Copyright Act grants district courts broad discretion to award attorneys' fees and costs to prevailing parties as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The decision to award attorneys' fees to the prevailing party under this statute rests within the sound discretion of the Court. *See Kirtsaeng*, 136 S. Ct. at 1985; *Fogerty*, 510 U.S. at 533.

The *Fogerty* Court further held that "prevailing plaintiffs and prevailing defendants are to be treated alike" emphasizing that both prevailing plaintiffs and defendants uphold the purposes of the Copyright Act, albeit in different ways. 510 U.S. at 534. In *Fogerty*, the Supreme Court stated that "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id*. at 527. Thus, the Supreme Court specifically held that

---

[2] This motion is timely made within 14 days after the Judgment was entered. Fed. R. Civ. P. 54(d)(2)(B); *Video-Cinema Films, Inc. v. Cable News Network, Inc.*, 2003 WL 1701904, at *2 (S.D.N.Y. Mar. 31, 2003).

"a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright," and should have the same right to recover its attorneys' fees. *Id*.

In *Fogerty*, the Supreme Court set forth a list of nonexclusive factors for district courts to consider in deciding whether to award attorneys' fees to prevailing parties in copyright infringement cases. 510 U.S. at 534 n.19. These factors include "frivolousness, motivation, objective unreasonableness [,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng*, 136 S. Ct. at 1985 (quoting *Fogerty*, 510 U.S. at 534 n.19); *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 264 (2d Cir. 2015) (listing *Fogerty* factors). A court's touchstone in considering whether to award fees is that "fee awards under § 505 should encourage the types of lawsuits that promote" the purposes of the Copyright Act, which itself is designed to "strik[e] a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." *Id*. at 1986.

In light of the Court's carefully considered Order dismissing Plaintiff's claim with prejudice, there is no doubt that Defendant is the prevailing party. The Defendant's position in this action, therefore, furthered the interests of the Copyright Act because there is a strong public interest in vigorously defending fair uses of intellectual property against meritless copyright claims which seek to extend an author's monopoly beyond the protections contemplated under the Copyright Act. The *Fogerty* factors point to only one result in this case: Defendant should be awarded its attorneys' fees.

A. **Plaintiff's Infringement Claim Was Objectively Unreasonable.**

This Court was correct when it summarily dismissed this action based solely on a review of the complaint and the materials referenced therein, as Plaintiff's claim here was objectively unreasonable. The objective reasonableness or unreasonableness of the losing party's positions

4

is entitled to "substantial weight." *Kirtsaeng*, 136 S. Ct. at 1989; *Effie Film, LLC v. Murphy*, 629 F. App'x 16, 18 (2d Cir. 2015).  A copyright infringement claim is objectively unreasonable where "the claim is clearly without merit or otherwise patently devoid of a legal or factual basis."  *Porto v. Guirgis*, 659 F. Supp. 2d 597, 617 (S.D.N.Y. 2009).  Notably, however, if a court determines that a non-prevailing litigant's position was objectively reasonable, which this Court should not, that determination still would not create a presumption against awarding fees when other relevant factors justify a fee award.  *See Kirtsaeng*, 136 S. Ct. at 1989.

More relevant here, "once the court finds that the plaintiff's claim was objectively unreasonable, bad faith or frivolousness is not a prerequisite to an award of fees.  *Screenlife Establishment v. Tower Video, Inc.*, 868 F. Supp. 47, 52 (S.D.N.Y. 1994); *see also Crown Awards, Inc. v. Disc. Trophy & Co.*, 564 F. Supp. 2d 290, 294 (S.D.N.Y. 2008), *aff'd*, 326 F. App'x 575 (2d Cir. 2009).  To be objectively unreasonable, a claim must be "lacking in basis" or have an "objective lack of merit."  *Polsby v. St. Martin's Press, Inc.*, 2000 WL 98057, at *2–3 (S.D.N.Y. Jan.18, 2000), *aff'd*, 8 F. App'x 90 (2d Cir. 2001).  Where, as here, the Court dismisses an action at the outset based on fair use, the issue is not a close one.

Here, in applying the four-factor fair use test, this Court found that each and every factor favored Defendant.  The Court stressed that the very first factor, which looks to the purpose and character of defendant's use, is the "heart of the fair use inquiry."  And this factor "strongly favors fair use" here.  Importantly, in coming to this finding, the Court explicitly rejected the crux of Plaintiff's argument.  Plaintiff claimed that "Defendant used the Photograph merely to illustrate 'a news report about Cardi B at Tom Ford's fashion show.'"  Order at 12 n.12.  But the Court found that this argument was "manifestly untrue."  *Id.*  Instead, the Court correctly found that "as is apparent on the face of the Article, Defendant did not publish the Photograph simply to present its content.  It did not use the Photograph as a generic image of Cardi B to accompany

5

an article about Cardi B, or as an image of her at Tom Ford's fashion show alongside an article about the fashion show. Rather, Defendant published the Post, which incidentally contained the Photograph, because the Post—or, put differently, the fact that Cardi B had disseminated the Post—was the very thing the Article was reporting on." *Id.* Continuing to advance a manifestly untrue argument – an argument that was undercut by the "face of the Article" – is unreasonable. For this reason alone, this Court should award Defendant its fees and costs in defending this case.

### B. Awarding Defendant Its Fees Would Support the Considerations of Compensation and Deterrence.

The *Kirtsaeng* Court has counseled that "fee awards under § 505 should encourage the types of lawsuits that promote" the purposes of the Copyright Act, which include "enriching the general public through access to creative works." 136 S. Ct. at 1986 (citing *Fogerty*, 510 U.S. at 527). Defendant's right to publish works that are considered a fair use certainly advances the goals of the Copyright Act and, thus, warrants an award of full compensation for its fees. As the Supreme Court explained in *Fogerty*:

> The limited scope of the copyright holder's statutory monopoly … reflects a balance of competing claims upon the public interest: Creative work is to be encouraged and rewarded, but private motivation must ultimately serve the cause of promoting broad public availability of literature, music, and the other arts. The immediate effect of our copyright law is to secure a fair return for an "author's" creative labor. But the ultimate aim is … to stimulate artistic creativity for the general public good.

510 U.S. at 526–27 (quoting *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975)) (second alteration added). Because copyright law "ultimately serves the purpose of enriching the general public through access to creative works," the Supreme Court held in *Fogerty* that "it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible.

6

To that end, ***defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them.***" 510 U.S. at 527 (emphasis added).

This then is just the type of action when an award of attorneys' fees is warranted so as to deter litigants, like Plaintiff, from pursuing objectively unreasonable litigation that could stifle the appropriate use of a third party's work. As this Court previously held, where a case presents "a straightforward copyright claim that was objectively unreasonable":

> [A]n award of attorneys' fees in such a case would beneficially deter rather than excessively chill, future lawsuits. Failing to award attorneys' fees to defendants in such situations would invite others to bring similarly unreasonable actions without fear of any consequences. Under the circumstances of this case, and to advance considerations of compensation and deterrence, defendants must be compensated for being forced to defend against such a baseless action.

*Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001) (internal citations and quotation marks omitted); *see also Mahan v. Roc Nation, LLC*, 634 F. App'x 329, 331 (2d Cir. 2016) ("[A]warding fees would deter similar frivolous suits from being filed by others."); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006) ("[A]n award of costs and fees is crucial . . . so as to deter this plaintiff, and other similarly situated plaintiffs, from bringing unreasonable claims based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if they lose."), *aff'd*, 249 F. App'x 845 (2d Cir. 2007).

Particularly relevant here is that Plaintiff's counsel, the Liebowitz Law Firm, has commenced thousands of copyright infringement actions similar to this one in recent years. Plaintiff's counsel should have known then that the use here was a fair one. And, Plaintiff's counsel should also know that when a Court finds that a use is fair the Plaintiff may be found liable for the defendant's fees. *See Kanongataa v. American Broad. Cos.*, 2017 WL 4776981, at

7

*3 (S.D.N.Y. Oct. 4, 2017) (awarding defendants' attorneys' fees and costs where a claim advanced by Liebowitz Law Firm was deemed to be a fair use). This case should be no different – Plaintiff should be responsible for the fees that Defendant incurred in defending this action.

### C. Plaintiff's Improper Motivation Supports an Award of Attorneys' Fees.

Finally, improper motivation for pursuing a claim is also a valid basis for awarding attorneys' fees. *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 125 (2d Cir. 2001). Courts have recognized that "a party that knowingly gambles on an unreasonable legal theory in order to achieve a secondary gain – [such as] the leveraging of a settlement – is indeed improperly motivated." *Torah Soft Ltd. v. Drosnin*, 2001 WL 1506013, at *5 (S.D.N.Y. Nov. 27, 2001). *See also Lewis v. Activision Blizzard, Inc.*, 2014 WL 4953770, at *3 (N.D. Cal. Sept. 24, 2014) ("In light of the objective unreasonableness of Lewis's claim, her equally unreasonable settlement demand and continued refusal of Blizzard's settlement offers are evidence of an improper motive."); *Caner v. Autry*, 2014 WL 2967607, at *9 (W.D. Va. July 1, 2014) (awarding fees to the prevailing defendant in a fair use case and noting that "[o]nce initiated, Plaintiff increased the work load by rejecting an eminently reasonable settlement offer at the beginning of this litigation, and by making untenable arguments throughout.").

And here, Plaintiff rejected reasonable settlement offers in this case even after Defendant explained to Plaintiff's counsel the basis for Defendant's fair use defense. Indeed, in their discussions, Plaintiff's counsel never once provided any rebuttal to Defendant's fair use argument and, instead, simply rested on inflated settlement demands.

8

4813-8717-7664v.3 0093353-000037

In sum, this is exactly the kind of case that warrants an award of fees to the prevailing defendant. Plaintiff advanced weak and manifestly untrue arguments that would have chilled the fair and appropriate speech of the Defendant here.[3]

## CONCLUSION

For the reasons stated herein, Defendant Townsquare Media, Inc. respectfully submits that the Court should grant the Defendant's motion for an award of attorneys' fees and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 16, 2020

                                        Respectfully submitted,

                                        **DAVIS WRIGHT TREMAINE LLP**

                                        By:  /s/ Rachel F. Strom
                                              Rachel F. Strom
                                              James E. Doherty
                                      1251 Avenue of the Americas, 21st Floor
                                      New York, New York 10020
                                      RachelStrom@dwt.com
                                      JimDoherty@dwt.com
                                      Telephone:  (212) 603-6473
                                      Facsimile:   (212) 489-8340

                                      *Attorneys for Defendant*
                                      *Townsquare Media,, Inc.*

---

[3] If this Court grants this motion, Defendant will provide its submissions demonstrating that the $40,304.25 in attorneys' fees and costs that Defendant incurred by the time the motion for judgment on the pleadings was fully briefed is reasonable. As these submissions will demonstrate, the rates charged by DWT in this matter are *lower* than fees that courts in this District have already determined are reasonable and appropriate. *See, e.g.*, *Nobile v. Watts*, No. 17-cv-597, Dkt. 78, slip op. at 6 (S.D.N.Y. Jan. 11, 2018) (Forrest, J.) (finding in copyright case that partner rate of $575 and associate rate of $438 charged by other New York-based DWT attorneys, as well as other firm's rates of $815-$830, were reasonable); *Capitol Records, Inc. v. MP3Tunes, LLC*, 2015 WL 7271565, at *4 (S.D.N.Y. Nov. 12, 2015) (Pauley, J.) (finding partner rates from $517.50-$720 and associate rates up to $450 to be reasonable in copyright action). Similarly, the $40,304.25 in attorneys' fees and costs that Defendants have incurred in defending this case to date is *less* than fees and costs that have been awarded in similar cases. *See, e.g.*, *Kanongataa*, 2017 WL 4776981, at *3 (awarding $60,000 in fees for a copyright claim that was dismissed on fair use grounds).