UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REBECCA FAY WALSH,

                              Plaintiff,

        - against -


TOWNSQUARE MEDIA, INC.

                        Defendant.

Case No. 1:19-cv-04958 (VSB)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL
RULE 6.3 AND RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Rebecca Fay Walsh ("Plaintiff" or "Walsh"), via counsel, respectfully submits this reply memorandum of law in further support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated June 1, 2020, which dismissed Plaintiff's amended complaint as a matter of law upon a finding of fair use.

## INTRODUCTION

Defendant argues in opposition that "to comment on Cardi B's social media interactions, Townsquare needed to show the whole Post which necessarily included the portion of Plaintiff's Photograph of the Post." [Dkt. #32]   But Townsquare has failed to explain how its article remains on-line after Defendant removed Cardi B's Instagram post and replaced it with a stock image of Cardi B obtained from Getty Images. [Dkt. #11-4] In doing so, Defendant has conceded that its secondary use of the Photograph was fungible, i.e. mutually interchangeable like a one dollar bill.

Plaintiff is not aware of any case where use of a Photograph was deemed fair use even though it was determined to be incidental by the Court and shown to be fungible by a defendant's own actions.  Since the purpose of the fair use privilege is to protect a secondary user's First Amendment right of expression, it does not follow that Defendant's *incidental* use of Plaintiff's Photograph could qualify for fair use protection.  Accordingly, and as further detailed below and in Plaintiff's principal brief, Plaintiff's motion should be granted.

## ARGUMENT

**POINT I:**   **THE COURT HAS OVERLOOKED THAT DEFENDANT SWAPPED THE PLAINTIFF'S PHOTOGRAPH FOR A STOCK PHOTO OF CARDI B AND THAT SECONDARY USE OF A PHOTOGRAPH WHICH IS FUNGIBLE IS <u>NOT</u> FAIR USE**

The record shows that after this lawsuit was filed, Defendant merely swapped out Cardi B's social media post, which was accompanied by Plaintiff's Photograph, for another stock image of Cardi B obtained from Getty Images.  [Dkt. #11-4] The ease with which Defendant simply exchanged Cardi B's social media post for another bare image of Cardi B demonstrates that Plaintiff's copyrighted work was **<u>not necessary nor integral to</u>** Defendant's secondary use.  Defendant's article remains on-line and its readers can understand it even without a screenshot of Cardi B's post.  For that reason alone, the fair use defense should be dismissed outright.

The Court acknowledged that Defendant's secondary use of the Photograph was merely "incidental[]" to Cardi B's Instagram Post, which was in turn re-published by Defendant. [Order, Dkt. # 22, p. 12]  As explained in Plaintiff's principal brief, fair use was not designed to accord unfettered privilege to incidental uses of photographs which are not integral to the secondary use.  This is because fair use is essentially the statutory version of a First Amendment defense. *See, e.g.*, *Eldred v. Ashcroft*, 537 U.S. 186, 190 (2003) (holding that the codified fair use doctrine under section 107 "contains built in First Amendment accommodations."); *New Era Publications Intern., ApS v. Henry Holt and Co., Inc.*, 873 F.2d 576, 584 (2d Cir. 1989) ("Our observation that the fair use doctrine encompasses all claims of first amendment in the copyright field never has been repudiated.") (internal citation omitted); *Roy Export Co. Establishment v. Columbia Broadcasting System, Inc.*, 672 F.2d 1095, 1099 (2d Cir.), *cert. denied*, 459 U.S. 826,

(1982) ("[n]o Circuit that has considered the question . . . has ever held that the First Amendment provides a privilege in the copyright field distinct from the accommodation embodied in the 'fair use' doctrine.").

Because both Defendant and the Court have acknowledged that Defendant's secondary use of the Photograph was entirely unnecessary and incidental to the message Defendant was attempting to convey by re-publishing Cardi B' social media post, the fair use defense must fail as a matter of law.  Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's motion for reconsideration and to vacate its previous order and restore this case to the docket for discovery

**POINT II:     THE COURT HAS OVERLOOKED THAT THE MARKET DEMAND FOR CELEBRITY IMAGES ON-LINE OCCUPIES A SINGLE CHANNEL**

With respect to the fourth factor, a reasonable jury could determine that the market for paparazzi photographs of celebrities, on one hand, and the market for news articles about the celebrities depicted in such photographs on the other, occupy a parallel market, regardless of whether such images are disseminated through traditional news outlets or a celebrity's social media accounts.  The Court's summary conclusion that news reports about Cardi B's instagram posts, accompanied by a photograph of Cardi B, somehow occupies a distinct market from news reports about Cardi B herself, which also may be accompanied by a photograph of Cardi B, does not hold.

A reasonable jury could find that there is no market distinction whatsoever: that consumers of entertainment news are just as likely to read a news story about Cardi B's social media posts as they would a news story about Cardi B.  The potential market for photographs of Cardi B is the same regardless of whether a social media post is involved.  Plaintiff respectfully submits that he is reasonably entitled to discovery on the issue of the actual and potential market

which exists for the consumption of celebrity images on-line.  Indeed, Defendant has

demonstrated, by swapping out Cardi B's Post for a generic image of Cardi B [Dkt. #11-4], that

the same readers have been targeted as they are the same exact market.

## **CONCLUSION**

Based on the foregoing, and those arguments set forth in Plaintiff's principal brief, the

Court should grant Plaintiff's motion for reconsideration and/or vacate its Order and allow this

case to proceed on the merits for a determination by the fact-finder.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**s/richardliebowitz/**
Richard Liebowitz, Esq
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
RL@LiebowitzLawFirm.com

*Counsel for Plaintiff*
*Rebecca Fay Walsh*