UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------ x
REBECCA FAY WALSH,

              Plaintiff,

   - against -

TOWNSQUARE MEDIA, INC.,

             Defendant.
------------------------------------------------------------ x

Docket No. 1:19-cv-04958-VSB

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION BY DEFENDANT TOWNSQUARE MEDIA, INC. FOR AN AWARD OF ATTORNEYS' FEES

Rachel F. Strom
James E. Doherty
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas
21st Floor
New York, New York 10020
RachelStrom@dwt.com
JimDoherty@dwt.com
Telephone:  (212) 603-6473
Facsimile:  (212) 489-8340

*Attorneys for Defendant*
*Townsquare Media, Inc.*

Defendant Townsquare Media, Inc. ("Defendant" or "Townsquare") respectfully submits this reply memorandum of law in further support of its motion, pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d), for an award of attorneys' fees, as the prevailing party in this action.

## PRELIMINARY STATEMENT

Plaintiff's Opposition simply underscores that she and her counsel remain willfully blind of the actual facts of this case. Plaintiff continues to litigate the case she wishes she had – not the case she actually brought. Specifically, Plaintiff argues that this Court should not award Townsquare its fees in this case because her copyright infringement claim was not objectively unreasonable. But in advancing this argument Plaintiff continues to rely on the same fundamental fallacy that this Court has already rejected – that is, Plaintiff argues that it was reasonable to believe that Townsquare's use of her photograph was not a fair use because the use was "<u>entirely interchangeable</u>" with any photograph of Cardi B attending the Tom Ford fashion show. (Dkt. 33, "Opp. Br." at p. 8) (emphasis in original). But this is not how Townsquare used the Photograph at all. What should be abundantly clear to Plaintiff by now is that Townsquare only used the Photograph to the extent it was included in Cardi B's Instagram post in order to comment on that social media post. As many times as Plaintiff repeats it – or puts it in underline – Townsquare was *not* looking to find any old photograph of Cardi B. And that fact that Plaintiff can only attempt to prevent a fee award here by continuing to misrepresent just how Townsquare used her photograph weighs heavily in favor of awarding fees here.

Indeed, aside from relitigating the merits of her claim, Plaintiff offers very little of substance in opposition to this motion. And this failure is no surprise – an award of attorney's fees is wholly appropriate. Plaintiff brought this situation upon herself – she brought an objectively unreasonable claim, refused to engage in reasonable settlement negotiations, and had no regard to the chilling impact her claim might have on news reporting and free speech. As a result, she should fairly compensate Townsquare for the time and expense incurred in defending

1

against her meritless claim and bringing it to a swift end. Accordingly, for the reasons set forth in its moving brief and this reply, Defendant respectfully requests that this Court grant its Motion for Attorneys' Fees in full.

## ARGUMENT

The parties agree that on in determining if a fees' award is appropriate, this Court should consider "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Opp. Br. at 5; Opening Br. at 4.  Plaintiff's opposition confirms that each of these factors weighs in favor of a fee award here.

### A.     Plaintiff's Infringement Claim Was Objectively Unreasonable.

Plaintiff claims that this Court's fair use analysis presented "close call" (Opp. at 1), by completely ignoring that this Court found that the most important fair use factor – the transformative nature of Townsquare's use – "strongly" favored fair use. Order, pp. 9-16. Plaintiff again claims that Townsquare's use was "purely gratuitous" (Opp. Br., p. 2) since, Plaintiff argues, all Townsquare wanted was a photograph of Cardi B attending the Tom Ford Fashion – but this Court already found that Townsquare "included the Photograph as a necessary part of the Post" such that "no other image," not even the Photograph standing alone, would have fulfilled the same purpose as the Post itself." Order, p. 13.  The Court even held that the crux of Plaintiff's argument that Defendant used the Photograph merely to illustrate the fact that Cardi B attended the fashion show was "manifestly untrue." Order, p. 12, n.12.  This is, Plaintiff can only make her claim seem reasonable by ignoring the facts here and this Court's well-reasoned decision.  This case was not a close call.  Plaintiff has just failed to grapple with the case that she actually has.[1]

---

[1] In pressing her claim, Plaintiff even goes so far as to repeat her false claim that "after this lawsuit was filed, Defendant took down the Photograph and substituted it with another image of Cardi B which was

2

But, showing her or her attorney's true colors, Plaintiff goes even further in her Opposition.  Plaintiff appears to argue that a copyright plaintiff does not need to consider if a defendant's use is a fair one before bringing a copyright case.  Plaintiff argues that her copyright claim was objectively reasonable because Townsquare used her photograph without her permission. Opp. Br. at 7.  But, that is not enough to bring a claim.  As the Supreme Court has made clear "anyone who . . . makes a fair use of the work is not an infringer of the copyright with respect to such use." *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984).  As Plaintiff's counsel well knows, a copyright Plaintiff must consider a fair use defense before bringing a copyright claim or risk an award of fees to the defendant who successfully litigates that fair use defense. *Konangataa v. Am. Broad. Cos., Inc.*, No. 16 Civ. 7382 (LAK), 2017 WL 2684067, at *2 (S.D.N.Y. June 21, 2017) (in awarding fees to the defendant, the Court found that infringement claims alleging use of a photograph without the plaintiff's permission were objectively unreasonable because "no reasonable lawyer with any familiarity with the law of copyright could have thought that the [ ] minimal uses, in the context of news reporting and social commentary, . . . was anything but fair").[2]

Plaintiff's willful failure to fully consider whether Townsquare's use was fair should have real consequences.  Awarding fees to Townsquare might deter this behavior in the future.

---

licensed through Getty, demonstrating that Defendant's unauthorized use of the Photograph in the first instance was not integral to the message it sought to convey."  As plead in Townsquare's answer, as re-iterated in Townsquare's motion for judgment on the pleadings and as found by this Court – that is not true.  Order at 13 n.16.  Townsquare did take down Cardi B's Instagram post that included the Photograph – but it did not replace it.  Plaintiff's repeated claim to the contrary is made up out of whole cloth.  And this repeated misrepresentation should come with a consequence – paying Townsquare's attorney's fees.

[2] The substantive law underlying this case is not "unsettled" or "novel," as Plaintiff states in her opposition. Opp. Br., p 12.  Plaintiff keeps repeating that the law – up to this point – would require Townsquare to comment on Plaintiff's work itself, not just Cardi B's Instagram post, to be considered transformative.  But, as the Court pointed out in its Order, that is just not the case.  "As the United States Court of Appeals for the Second Circuit has instructed, '[t]he law imposes no requirement that a work comment on the original or its author in order to be considered transformative." (Order at 13 n.15) (citations omitted).

3

### B. Plaintiff's Improper Motivation Supports an Award of Attorneys' Fees.

While much of Plaintiff's Opposition reads like a marketing brochure for the Liebowitz Law Firm, Plaintiff's Opposition actually establishes Plaintiff's improper motivation in commencing this action. As acknowledged by Plaintiff, "improperly motivated" claims are ones asserted "'not because of [their] inherent merit,' but rather because it [a party] seeks to 'knowingly gamble[] on an unreasonable legal theory in order to achieve a secondary gain – in this case, the leveraging of a settlement . . . '" Opp. Br., p. 13 (*quoting Torah Safi Ltd v. Drosnin*, 00-cv-5650, 2001 WL 1506013, at *5 (S.D.N.Y. Nov. 27, 2001)).  But this could almost be a description of the Liebowitz Law Firm itself.  As Judge Cote found, "the Liebowitz's Law Firm "plays a numbers game in which it targets hundreds of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim." *McDermott v. Monday,* LLC, No. 17 Civ. 9230 (DLC), 2018 WL 1033240, at *3 n. 4 (S.D.N.Y. Feb. 22, 2018).  *See also Konangataa*, 2017 WL 2684067, at *2 (noting "[t]here may well be justification for defendants' implication that these were strike suits, designed to extort settlements from defendants on the basis that the defense costs would exceed what plaintiff would accept in settlement").  Indeed, Plaintiff proudly trumpets that her counsel "has filed more than 2500 cases since January 2016" (Opp. Br., p. 13), but fails to note that a simple review of the docket entries for those cases show that nearly all of them are settled relatively early in the proceedings.  In this very case, Plaintiff's settlement demand was completely inflated – and she refused to even consider Townsquare's attempts to settle this matter for a reasonable fee.  It's clear that Plaintiff and her counsel gambled on an unreasonable claim hoping Townsquare would increase its settlement offers.  This gamble did not pay off this time.

### C. An Attorneys' Fees Award Here Furthers the Purpose of the Copyright Act.

Awarding Defendant its attorneys' fees here unquestionably furthers the Copyright Act's goals of compensation and deterrence. Plaintiff essentially concedes that she did not even

4

consider if Townsquare's use was a fair one before bringing this case. Opp. Br. at 7. But the fair use defense is not only an essential part of the Copyright Act, the defense encompasses the First Amendment's protection for free speech and the press. *Swatch Group v. Bloomberg*, 742 F.3d 17, 23 (2d Cir. 2014) ("Bloomberg's overriding purpose here was not to "scoop[]" Swatch or supplant the copyright holder's commercially valuable right of first publication, but rather simply to deliver newsworthy financial information to American investors and analysts. That kind of activity, whose protection lies at the core of the First Amendment, would be crippled if the news media and similar organizations were limited to authorized sources of information. (internal citations omitted).

An award here would further the Copyright Act's protection for fair uses by incentivizing potential plaintiff's to consider this fundamental defense before bringing suit. News organizations, such as Townsquare, should be able to use a photograph in a fair way without fear of having to pay a ransom should the photographer decide to sue. Townsquare should not come out worse for rejecting an inflated settlement demand in order to litigate its proper fair use defense and uphold these important constitutional values. This is, therefore, exactly the kind of copyright action where awarding attorneys' fees to the prevailing media defendant is appropriate.

4811-5809-5041v.1 0093353-000037

## **CONCLUSION**

For the reasons stated herein, as well as those previously set forth in its moving memorandum of law, Defendant Townsquare Media, Inc. respectfully submits that this Court grant the Defendant's motion for an award of attorneys' fees and such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 7, 2020

                                              Respectfully submitted,

                                              **DAVIS WRIGHT TREMAINE LLP**

                                              By:  /s/ Rachel F. Strom
                                                      Rachel F. Strom
                                                      James E. Doherty
                                            1251 Avenue of the Americas, 21st Floor
                                            New York, New York 10020
                                            RachelStrom@dwt.com
                                            JimDoherty@dwt.com
                                            Telephone:  (212) 603-6473
                                            Facsimile:   (212) 489-8340

                                          *Attorneys for Defendant*
                                          *Townsquare Media,, Inc.*

4811-5809-5041v.1 0093353-000037