```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REBECCA FAY WALSH,                                          :
                            Plaintiff,                      :
                                                            :
                    -v-                                     :
                                                            :      19-cv-4958 (VSB)
                                                            :
TOWNSQUARE MEDIA, INC.,                                     :      OPINION & ORDER
                                                            :
                            Defendant.                      :
                                                            :
------------------------------------------------------------X
```

Appearances:

James H. Freeman
Liebowitz Law Firm, PLLC
Valley Stream, New York
*Counsel for Plaintiff*

Rachel Fan Stern Strom
Davis Wright Tremaine LLP
New York, New York
*Counsel for Defendant*

James E. Doherety
James Doherty, Law Office
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

On June 1, 2020, I issued an Opinion and Order in which I granted Defendant's Rule 12(c) motion and dismissed this action, because I found that Plaintiff's copyright infringement claims were barred by the fair use doctrine. *Walsh v. Townsquare Media, Inc.*, 464 F. Supp. 3d 570 (S.D.N.Y. 2020) (the "Opinion"). Now before me are Plaintiff's motion for reconsideration of the Opinion, as well as Defendant's motion for attorneys' fees. For the reasons that follow, Plaintiff's motion for reconsideration is DENIED, and Defendant's motion for attorneys' fees will be held in abeyance until I receive further information as specified herein.

I.      **Background**

In this Opinion & Order, I presume familiarity with the Opinion and with this action's procedural history, so I will only give a brief overview here. In short, Defendant published an article (the "Article") on its website about how the musician Cardi B had partnered with celebrity fashion designer Tom Ford on a new lipstick. 464 F. Supp. 3d at 575–77. The Article embedded a post from Cardi B's official Instagram (the "Post") about how the lipstick "ha[d] already SOLD OUT!!!" *Id.* at 578. The Article also discussed the Post. *Id.* at 576. The Post displays text, a photograph of the lipstick, and, relevantly, a photograph of Cardi B herself. *Id.* The photograph or Cardi B ("Photograph") was taken by the Plaintiff and formed the basis for the claims in this action.

In the Opinion, I found that Defendant was shielded from liability by copyright law's fair use doctrine. On the first fair use factor, I found that the usage was transformative, because rather than merely "depict[ing] Cardi B at Tom Ford's fashion show," which was Plaintiff's stated purpose for taking the Photograph, 464 F. Supp. 3d at 581, Defendant's Article "incidentally contained the photograph" to illustrate that "Cardi B had disseminated" the embedded Instagram Post about the new lipstick—which was "the very thing [Defendant's] Article was reporting on," *id.* at 581–82. I also made findings with respect to the other fair use factors. For example, on the factor of "the effect of the use on the market for or the value of the original work," I found this weighed in favor of finding fair use "because the Photograph did not appear on its own, but as part of [Cardi B's Instagram] Post, alongside text and another image," which rendered it "implausible that Defendant's use would compete with Plaintiff's business or affect the market value of her work." *Id.* at 586. After weighing the factors together, I concluded that the fair use analysis favored Defendant. *Id.*

## II.     **Legal Standard**

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF), 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)). "Generally, a party seeking reconsideration must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 14-CV-10116 (VSB), 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701–02 (S.D.N.Y. 2011)).  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court.") (internal quotation marks omitted).  "Rather, 'the standard for granting [the motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  Where the motion "merely offers substantially the same arguments . . . offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Silverman v.*

3

*Miranda*, 06 Civ. 13222 (ER), 2017 WL 1434411, at *1 (S.D.N.Y. Apr. 10, 2017) (internal quotation marks omitted). The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

### III. Discussion

#### A. *Reconsideration*

Plaintiff argues that I misapplied the law on fair use. First, she says that Defendant's use of the photograph could not be transformative, because the Article "offered no commentary whatsoever directed at the Photograph itself, nor was there any news reporting *about* the photograph at all." (MTR Br. 3.)[1] However, Plaintiff never advanced this argument about the transformative use factor in her briefing in opposition to Defendant's motion for judgment on the pleadings, nor does Plaintiff point to controlling law or overlooked facts that support it. Because of this, her argument is improper on a motion for reconsideration. *See Behrens v. JPMorgan Chase Bank N.A.*, 16-CV-5508 (VSB), 2021 WL 4134887, at *1 (S.D.N.Y. Sept. 9, 2021) ("A motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple'") (quoting *Analytical Surveys*, 684 F.3d 36, 52 (2d Cir. 2012)).

Moreover, Plaintiff has failed to make a persuasive argument about why her position on transformative use is correct. According to Plaintiff, fair use should require Defendants to have offered "commentary" specifically "directed at the Photograph itself," (MTR Br. 3), even though, as I found, the Article was reporting on Cardi B's Instagram Post, which in turn

---

[1] "MTR Br." refers to the Memorandum of Law in Support of Plaintiff's Motion for Reconsideration. (Doc. 25.)

contained the Photograph.  *See* Opinion, 464 F. Supp. 3d at 583–84 ("the Post 'was the story.'") (citation omitted).  Taken to its core, and despite clear law about how the "use of a copyrighted work for news reporting purposes is likely to constitute fair use," *id.* at 580 (citing *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 85 (2d Cir. 2014)), Plaintiff's argument is that fair use should not be found where a defendant uses a work that happens to contain a copyrighted part unless the defendant also comments on said part.  Plaintiff does not cite case law that supports this argument, and the argument simply does not make sense given the existing law.  For example, the Second Circuit cited with approval a case that held it was fair use when a "TV newscast of [a] street festival" incidentally happened to "include[] [a] copyrighted song." *Ringgold v. Black Ent. Television, Inc.*, 126 F.3d 70, 79 (2d Cir. 1997) (citing *Italian Book Corp. v. American Broadcasting Cos.,* 458 F. Supp. 65 (S.D.N.Y.1978)).

      Second, on the fair use doctrine's "fourth factor" about the potential market impacts resulting from Defendant's use of the Photograph, Plaintiff argues that the Article's usage of the Photograph could be deemed to take place in the same market for a "photograph depicting Cardi B."  (MTR Br. 8.)  This argument also must fail.  First, Plaintiff never previously "brought [it] to my attention," which renders it inappropriate on a motion for reconsideration.  *Behrens*, 2021 WL 4134887, at *3.  Second, Plaintiff's argument does not actually address my holding—or the controlling case law I cited—that "because the Photograph did not appear on its own, but as part of [Cardi B's Instagram] Post, . . . it is implausible that Defendant's use would compete with Plaintiff's business or affect the market or value for her work."  Opinion, 464 F. Supp. 3d at 586 (citing, among other cases, *Authors Guild v. Google, Inc.*, 804 F.3d 202, 223 (2d Cir. 2015)).  Plaintiff thus presents me with no reason to think that I erred in my holding, much less that the Opinion contains a "clear error" or must be modified "to prevent manifest injustice."  *Beacon*

5

*Assocs.*, 818 F. Supp. 2d at 701–02.

## B. *Attorneys' Fees*

Section 505 of the Copyright Act allows district courts to "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Section 505 "grants courts wide latitude to award attorney's fees based on the totality of circumstances." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). Indeed, because of the Copyright Act's statutory grant of authority, "in any given [copyright] case a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones)." *Hughes v. Benjamin*, No. 17-cv-6493 (RJS), 2020 WL 4500181, at *3 (S.D.N.Y. Aug. 5, 2020) (Sullivan, J.) (quoting *Kirtsaeng*, 136 S. Ct. at 1988). My inquiry in determining whether to award fees must account for "the totality of the circumstances" and should consider "factors" that include "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *See Kirtsaeng*, 136 S. Ct. at 1985–86 (citation omitted); *Hello I Am Elliot, Inc. v. Sine*, 19 Civ. 6905 (PAE), 2021 WL 1191971, at *4 (S.D.N.Y. Mar. 30, 2021) ("Several nonexclusive factors inform a court's fee-shifting decisions: frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence.") (internal quotation marks omitted). "[S]uch factors may be used only 'so long as they are faithful to the purposes of the Copyright Act.'" *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

Defendant makes a variety of arguments in support of its motion for fees, but I find that my assessment of them is best undertaken at a later date. In particular, Defendant argues that I

6

should consider Plaintiff's "improper motivation for pursuing" this suit, which it argues is illustrated by the course of communications between the parties' counsel. (Fee Br. 9.)[2] Specifically, Defendant states that it made "reasonable settlement offers" in an attempt to avoid litigation, but that "Plaintiff's counsel never once provided any rebuttal to Defendant's fair use argument and, instead, simply rested on inflated settlement demands." (*Id.*) In a supporting declaration, Defendant says it is willing to submit the materials substantiating the course of attempted negotiations "under seal or *in camera*." (Strom Decl. ¶ 4.)[3] All Plaintiff says on this point is that whether its "settlement demands were unreasonable is quite subjective and should not be credited."

I agree that the course of negotiations may properly bear on my decision. Among other things, a major discrepancy between damages demanded and a claim's reasonable expected value can speak to "the unreasonable nature of [copyright] claims." *Baker v. Urb. Outfitters, Inc.*, 431 F. Supp. 2d 351, 358–59 (S.D.N.Y. 2006) (finding unreasonableness where plaintiff "maintained [a] demand for more than $260,000 in 'actual damages' on a claim that was shown fairly promptly not to be worth more than $3896."), *aff'd*, 249 F. App'x 845 (2d Cir. 2007). Here, the basis for Plaintiff's claim was Defendant's use of the Photograph without paying a license fee through the Getty Images stock photography website. Opinion, 464 F. Supp. 3d at 575. One can license very similar photographs of Cardi B from Getty Images with "[s]tandard

---

[2] "Fee Br." refers to the Memorandum of Law in Support of the Motion for an Award of Attorneys' Fees. (Doc. 29.) I note that, at this time, Defendant is only asking me to decide whether Plaintiff is liable "for Defendant's attorneys' fees," and Defendant has stated it will provide evidence as to the amount of fees if it receives a favorable determination. (Fee Br. 2 n.1.) This bifurcation of liability for fees and the amount of fees in the course of a § 505 fee determination is proper under Federal Rule of Civil Procedure 54(d)(2)(C). *Hudson v. Universal Studios, Inc.*, No. 04 Civ. 6997(GEL), 2009 WL 536564, at *1 n.1 (S.D.N.Y. Mar. 4, 2009).

[3] "Strom Decl." refers to the Declaration of Rachel F. Strom in Support of Defendant's Motion for Fees and Costs. (Doc. 31.)

7

editorial rights" from Getty Images for anywhere from $175 to $499, depending on how large of an image one intends to display. *See Cardi B is seen attending the Tom Ford fashion . . .*, gettyimages, https://www.gettyimages.com/detail/news-photo/cardi-b-is-seen-attending-the-tom-ford-fashion-during-new-news-photo/1027432574 (last visited Sept. 30, 2021).[4] The course of negotiations that preceded Plaintiff's filing suit may thus inform whether I should award fees in this case.

Accordingly, I will hold Defendant's motion in abeyance until Defendant files materials showing the course of negotiations with me under seal. In doing so, Defendant is directed to follow my Individual Rule 5.B on Redactions and Filing Under Seal, which, among other things, requires it to file an appropriate letter motion in support.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED, and Defendant's motion for attorneys' fees is held in abeyance. The Clerk of Court is respectfully directed to terminate the open motion at docket number 24 and to hold the open motion at docket number 29 in abeyance. Defendant is directed to file the materials requested above within 30 days of entry of this Opinion & Order.

SO ORDERED.

Dated: September 30, 2021
New York, New York

Vernon S. Broderick
United States District Judge

---

[4] I was unable to locate the Photograph itself on Getty Images.