UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                    :
REBECCA FAY WALSH,                                  :
                               Plaintiff,           :
                                                    :
                -v-                                 :            19-CV-4958 (VSB)
                                                    :
                                                    :          __OPINION & ORDER__
TOWNSQUARE MEDIA, INC.,                             :
                                                    :
                               Defendant.           :
                                                    :
--------------------------------------------------------X

Appearances:

Richard Liebowitz
Liebowitz Law Firm, PLLC
Valley Stream, New York
*Counsel for Plaintiff*

Rachel Fan Stern Strom
James E. Doherty
Davis Wright Tremaine LLP
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

On June 1, 2020, I issued an Opinion and Order in which I granted Defendant's Rule

12(c) motion and dismissed this action, because I found that Plaintiff's copyright infringement

claim was barred by the fair use doctrine. *Walsh v. Townsquare Media, Inc.*, 464 F. Supp. 3d

570 (S.D.N.Y. 2020) (the "Opinion"). I also denied Plaintiff's motion for reconsideration of the

Opinion, and I reserved judgment on Defendant's motion for attorneys' fees under the Copyright

Act, 17 U.S.C. § 505, until the parties filed "materials showing the course of negotiations" to

settle this action. *Walsh v. Townsquare Media, Inc.*, 19-CV-4958 (VSB), 2021 WL 4481602, at

*3 (S.D.N.Y. Sept. 30, 2021) ("Reconsideration Opinion"). Subsequently, "both parties . . .

consent[ed] to the public filing" of "settlement communications," (Doc. 45), which are now

available on the docket, (Settlement Emails).[1]

I have reviewed the record in this case, the parties' briefing on the issue of attorneys'

fees, including the settlement communications, and the applicable law.  For the reasons that

follow, Defendant's motion for attorneys' fees under the Copyright Act is GRANTED.[2]

## I.   Discussion

Section 505 of the Copyright Act allows district courts to "award a reasonable attorney's

fee to the prevailing party as part of the costs." 17 U.S.C. § 505.  In this regard, § 505 "grants

courts wide latitude to award attorney's fees based on the totality of circumstances." *Kirtsaeng*

*v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016).  Indeed, because of the Copyright

Act's statutory grant of authority, "in any given [copyright] case a court may award fees even

though the losing party offered reasonable arguments (or, conversely, deny fees even though the

losing party made unreasonable ones)." *Hughes v. Benjamin*, No. 17-cv-6493 (RJS), 2020 WL

4500181, at *3 (S.D.N.Y. Aug. 5, 2020) (Sullivan, J.) (quoting *Kirtsaeng*, 136 S. Ct. at 1988).

My inquiry in determining whether to award fees must account for "the totality of the

circumstances" and should consider "factors" that include "frivolousness, motivation, objective

unreasonableness, and the need in particular circumstances to advance considerations of

compensation and deterrence." *See Kirtsaeng*, 136 S. Ct. at 1985–86 (citation omitted); *Hello I*

*Am Elliot, Inc. v. Sine*, 19 Civ. 6905 (PAE), 2021 WL 1191971, at *4 (S.D.N.Y. Mar. 30, 2021)

("Several nonexclusive factors inform a court's fee-shifting decisions:  frivolousness, motivation,

---

[1] "Settlement Emails" refers to Exhibit A to the joint letter of the parties filed with the Court on October 20, 2021. (Doc. 45-1.)

[2] Here, I presume familiarity with the Opinion and the Reconsideration Opinion, which thoroughly recount the factual background and procedural history of this action.

objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." (internal quotation marks and alterations omitted)).  "[S]uch factors may be used only 'so long as they are faithful to the purposes of the Copyright Act.'"  *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).  I consider these factors and determine that they favor the award of attorneys' fees in this case.

### A.  *Objective Unreasonableness & Frivolousness*

The factors of objective unreasonableness and frivolousness are often analyzed together, as "[t]he test for frivolousness largely duplicates that of objective unreasonableness."  *Boesen v. United Sports Publ'ns, Ltd.*, 20-CV-1552 (ARR) (SIL), 2021 WL 1145730, at *3 (E.D.N.Y. Mar. 25, 2021); *TCA Television Corp. v. McCollum*, No. 15-CV-4325 (GBD) (JCF), 2017 WL 2418751, at *14 (S.D.N.Y. June 5, 2017) ("Cases indicate . . .  that frivolousness is a particularly intense form of objective unreasonableness."), *report & recommendation adopted*, 2018 WL 2932724 (S.D.N.Y. June 12, 2018).  "[F]rivolousness and objective unreasonableness are not necessarily coextensive."  *Gordon v. McGinley*, No. 11 Civ. 1001(RJS), 2013 WL 1455122, at *2 n.3 (S.D.N.Y. Mar. 28, 2013) (Sullivan, J.) (citing *Matthew Bender & Co.*, 240 F.3d at 122 ("An objectively unreasonable argument is not necessarily frivolous or made in bad faith.")).  However, here, since "the parties do not brief the issue of frivolousness separately from objective reasonableness," there is no need to for me to analyze the factors separately.  *See Agence France Presse v. Morel*, 10-cv-2730 (AJN), 2015 WL 13021413, at *5 (S.D.N.Y. Mar. 23, 2015), *aff'd sub nom. Presse v. Morel*, 645 F. App'x 86 (2d Cir. 2016).

I held in the Opinion that the fair use factor of purpose and character of the use—which lies at "'the heart of the fair use inquiry in this Circuit,'" 464 F. Supp. 3d at 580 (alteration marks

omitted) (quoting *On Davis v. The Gap, Inc.*, 246 F.3d 152, 174 (2d Cir. 2001))—"favors Defendant because the Article uses the Photograph for an entirely different purpose than originally intended," *id.* at 581.  Specifically, I found that "Defendant published the Post, which incidentally contained the Photograph, because the Post—or, put differently, the fact that Cardi B had disseminated the Post—was the very thing the Article was reporting on."  *Id.* at 582 (footnote omitted).  After finding that this arguably most-important factor favored finding fair use, I went on to rule that each of the other fair use factors favored defendant.  *Id.* at 585–86.

Unlike some fair use cases, this one was not a close call.  Although "a news reporting purpose by no means guarantees a finding of fair use," *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 85 (2d Cir. 2014), it is well established in this Circuit that "use of a copyrighted photograph" is generally fair "where 'the copyrighted work is itself the subject of the story, transforming the function of the work in the new context.'"  Opinion, 464 F. Supp. 3d at 581 (collecting cases and quoting *Barcroft Media, Ltd. v. Coed Media Grp., LLC*, 297 F. Supp. 3d 339, 352 (S.D.N.Y. 2017)).  The same is true where the subject of the story is a work that incidentally contains a plaintiff's work.  *See Clark v. Transp. Alternatives, Inc.*, 18 Civ. 9985 (VM), 2019 WL 1448448, at *3 (S.D.N.Y. Mar. 18, 2019).  As such, this case was far afield from ones that reject a fair use argument because "'an image [was used] solely to present the content of that image, in a commercial capacity,' or [was] otherwise use[d] . . . 'for the precise reason it was created.'"  Opinion, 464 F. Supp. 3d at 581 (quoting *BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F. Supp. 3d 395, 407 (S.D.N.Y. 2016)).[3]

Critically, Plaintiff's counsel repeatedly opposed a finding of fair use by taking

---

[3] Plaintiff argues that cases involving "the fair use doctrine often present close calls that are difficult to predict," (Doc. 33, at 16 (citation omitted)), but this generic argument fails to grapple with specifics relevant to this case.

"objectively [un]reasonable litigation position[s]" that require one to disregard the actual "facts of this case." *Cf. Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 108 (2d Cir. 2014); *Amanze v. Adeyemi*, 18 CIV. 8808 (NRB), 2019 WL 2866071, at *10 (S.D.N.Y. July 3, 2019) (granting fees under § 505 where "[n]early every argument advanced by plaintiff in this case was either frivolous or based upon mischaracterizations"), *aff'd*, 824 F. App'x 86 (2d Cir. 2020).  Even though it was "apparent on the face of the Article" that "Defendant did not publish the Photograph simply to present its content," Opinion, 464 F. Supp. 3d at 581, Plaintiff's counsel obstinately pretended otherwise.  In the briefing leading up to the Opinion, Plaintiff's counsel argued "that Defendant used the Photograph merely to illustrate 'a news report about Cardi B at Tom Ford's fashion show,'" which I found to be "manifestly untrue." *Id.* at 581 n.12 (citation omitted).  Even in her briefs opposing Defendant's motion for fees, Plaintiff continues to argue that "[a]ny photograph of Cardi B would have sufficed [for Defendant's Article], which means the Defendant's use of the Photograph was <u>entirely interchangeable</u>." (Doc. 33, at 15.)  For the reasons explained in my prior opinions and *supra*, it is impossible to square Plaintiff's arguments with the facts of this case.  As such, I do not see how a "reasonable lawyer with any familiarity of the law of copyright could have thought that the" incidental use of the Photograph "in the context of news reporting" on the Post "was anything but fair." *See Konangataa v. Am. Broadcastingcompanies, Inc.*, 16-cv-7382 (LAK), 2017 WL 2684067, at *2 (S.D.N.Y. June 21, 2017).[4]

---

[4] Plaintiff's counsel's position that there was "good faith intent" behind his arguments, (Doc. 33, at 16), is thus belied by the record.  Moreover, unlike with awards of attorneys' fees under Federal Rule of Civil Procedure 11, the § 505 analysis does not require a finding of a lack of good faith for a district court to award attorneys' fees, as Rule 11 and § 505 have different analytical frameworks. *See, e.g.*, *Sorenson v. Wolfson*, 683 F. App'x 33, 36–37 (2d Cir. 2017) (analyzing a motion for attorneys' fees under § 505 separately from a motion for sanctions for bad faith conduct); *Burger-Moss v. Steinman*, 127 F.R.D. 452, 453 (S.D.N.Y. 1989) (explaining differences between the award of attorneys' fees "under 28 U.S.C. § 1927 and § 505 of the Copyright Act" and "Rule 11"); *Margo v. Weiss*, No. 96 CIV. 3842(MBM), 1998 WL 765185, at *1 (S.D.N.Y. Nov. 3, 1998) (explaining that "objective

Accordingly, I find that Plaintiff, through her counsel, was objectively unreasonable in pursuit of this litigation, which weighs in favor of an award of fees to Defendant.

### B.  *Motive and Bad Faith*

 "The presence of improper motivation in bringing a lawsuit or other bad faith conduct weighs heavily in favor of an award of costs and fees."  *Ariel(UK) Ltd. v. Reuters Grp. PLC*, No. 05-CV-9646 (JFK), 2007 WL 194683, at *4 (S.D.N.Y. Jan. 24, 2007) (citing *Matthew Bender & Co.*, 240 F.3d at 125–27)).  One example of improper motivation is "gambl[ing] on an unreasonable legal theory in order to achieve a secondary gain," such as "the leveraging of a settlement."  *Torah Soft Ltd. v. Drosnin*, No. 00-CV-5650 (JCF), 2001 WL 1506013, at *5 (S.D.N.Y. Nov. 27, 2001); *see also Video-Cinema Films, Inc. v. Cable News Network, Inc.*, No. 98-CV-7128 (BSJ), 2003 WL 1701904, at *5 (S.D.N.Y. Mar. 31, 2003) ("Plaintiff's conduct was nothing more than an obvious effort to use the Copyright Act to secure payment from Defendants for their fair use of the film footage.  As such, Plaintiff's motivation was improper . . . ").  "[I]improper motive and bad faith" may be found where the record indicates a lack of "respectful conduct" or "efforts" that run counter to a goal of "efficiently and inexpensively resolv[ing] a dispute."  *See Hughes*, 2020 WL 4500181, at *4.

Here, "[P]laintiff's approach to settlement was disingenuous" because her counsel made grossly overinflated settlement demands and failed to engage with Defendant's settlement

---

unreasonableness" is not required for an award of "fees under [§] 505," whereas "[u]nder Rule 11, . . . the standard for triggering the award is objective unreasonableness."), *aff'd*, 213 F.3d 55 (2d Cir. 2000) (internal citation omitted).  As such, even if I were to find Plaintiff's counsel's arguments and litigation positions to have been made and taken in good faith, that would not preclude an award of attorneys' fees under § 505 here. *See, e.g.*, *Megna v. Biocomp Lab'ys Inc.*, 225 F. Supp. 3d 222, 224 (S.D.N.Y. 2016) ("An award of attorney's fees is granted . . . even though not necessarily brought in subjective bad faith."); *Sparaco v. Lawler, Matusky, Skelly Engineers LLP*, 60 F. Supp. 2d 247, 258 (S.D.N.Y. 1999) ("There need not be a finding of bad faith or frivolousness by the plaintiff."); *Adsani v. Miller*, No. 94 Civ. 9131 (DLC), 1996 WL 531858, at *13 (S.D.N.Y. Sept. 19, 1996) ("several courts in this Circuit have held that bad faith need not be found in order to award fees under Section 505" and collecting cases).

positions.[5]  *Cf. Boesen*, 2021 WL 1145730, at *4.  In the Settlement Emails,[6] Plaintiff's counsel,

Richard Liebowitz, wrote that he was "authorized to make an offer of $25,000" to settle this case

prior to the motion practice that led to the Opinion.  (*See id.* at 3.)  In response, Defendant's

counsel wrote twelve lines arguing and explaining why Plaintiff's $25,000 demand was

unreasonable and "unrealistic" and counter-offered "$250."  (*Id.* at 2–3.)  Liebowitz offered a

one-line response:  "Thanks.  I am authorized to come down to $24,750."  (*Id.* at 2).  Liebowitz

never grappled with Defendant's arguments, and he provided no explanation of how Plaintiff's

copyright infringement claim could possibly be worth anything near $25,000.

     The baselessness of Liebowitz's large settlement demand speaks to bad faith.  Despite the

Copyright Act's dire warnings of statutory damages potentially reaching "$150,000" per work

willfully infringed, *see* 17 U.S.C. § 504(c), "courts in this Circuit commonly award, in cases of

non-innocent infringement, statutory damages of between three and five times the cost of the

licensing fees the defendant would have paid."  *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368,

374 (S.D.N.Y. 2019) (citation omitted), *aff'd*, 970 F.3d 167 (2d Cir. 2020).  As explained in the

Reconsideration Opinion, Defendant likely would have paid somewhere from $175 to $499 to

license a "photograph[] of Cardi B."  2021 WL 4481602, at *3.[7]  Even increasing that

---

[5] The disingenuous and inflated settlement demand Plaintiff made further bolsters my finding of objective unreasonableness, as "a major discrepancy between damages demanded and a claim's reasonable expected value can speak to 'the unreasonable nature of [copyright] claims.'"  Reconsideration Opinion, 2021 WL 4481602, at *3 (quoting *Baker v. Urb. Outfitters, Inc.*, 431 F. Supp. 2d 351, 358–59 (S.D.N.Y. 2006)).

[6] Plaintiff concedes that "the Federal Rules of Evidence" do not "preclude" my consideration of any settlement negotiations for the purposes of this motion since, "at the time Defendant filed its section 505 motion . . . the case had already been closed and issues of liability had been resolved as a matter of law."  (Doc. 46, at 1 (internal citations omitted)).

[7] Plaintiff submitted a letter requesting permission to file a supplementary brief to argue, among other things, that "the proper rate for use of a Cardi B photo . . . clocks in at $2900.00."  (Doc. 46, at 3.)  I need not address this argument since I denied Plaintiff's request, (Doc. 47), which was within my discretion.  *See In re Aurora Com. Corp.*, No. 19-B-10843 (SCC), 2021 WL 1255668, at *5 (S.D.N.Y. Apr. 1, 2021) ("The decision to grant a requested sur-reply is left to the 'sound discretion of the court.'" (quoting *Moreno-Godoy v. Gallet Dreyer & Berkey, LLP*, 14-CV-7082 (PAE), 2015 WL 5737565, at *8 (S.D.N.Y. Sept. 30, 2015)).  However, considering

hypothetical licensing cost to $1,000, Plaintiff's high-end expected damages would reach $5,000. *See Mango*, 356 F. Supp. 3d at 374.  There is thus no reasonable basis for Plaintiff to have demanded $24,750.

I therefore find that this factor strongly favors an award of fees.

### C. *Compensation and Deterrence*

"Compensation and deterrence . . . exist for the dual purposes of incentivizing parties with strong claims to litigate them and deterring parties with weak claims from embarking on wasteful litigation."  *Hughes*, 2020 WL 4500181, at *4.  Courts in this Circuit recognize the importance of "deter[ring] counsel 'from bringing unreasonable claims based on a cost/benefit analysis [suggesting] that they can score big if they win and that there will be no adverse consequences if they lose."  *Bechler v. MVP Grp. Int'l, Inc.*, No. 16-CV-8837 (LAP), 2021 WL 848024, at *7 (S.D.N.Y. Mar. 5, 2021) (quoting *Baker*, 431 F. Supp. 2d at 359).

As explained *supra*, this case was objectively unreasonable and pursued under circumstances indicating improper motivations.  My finding on those two factors thus supports a finding in Defendant's favor on this factor.  *See, e.g.*, *Boesen*, 2021 WL 1145730, at *5 ("plaintiff's counsel's failure to pursue an appropriate settlement aligned with their history of misconduct in federal court"); *Hughes*, 2020 WL 4500181, at *5; *Berg v. M&F W. Prods., Inc.*, Case No. 6:19-cv-00418-JDK, 2021 WL 2646223, at *4 (E.D. Tex. June 28, 2021) (compensation and deterrence rationale favored award where Plaintiff "aggressively pursued" claims "in spite of undisputed evidence" that contradicted them).

---

Plaintiff's argument that the proper rate for use of a Cardi B photograph should be $2,900, I find it to be without merit.  Plaintiff's letter includes a screenshot showing the cost of licensing a photograph of Cardi B—taken by a photographer who is not Plaintiff—where the scope of the license includes "any placement – print or electronic[] intended to indirectly promote a product or service."  (*See* Doc. 46, at 3.)  This license is thus far more extensive than anything Defendant reasonably would have sought for its non-promotional, online-only Article.  *See* Opinion, 464 F. Supp. 3d at 576.

Moreover, Plaintiff's counsel repeatedly brings questionable copyright cases in this district, a fact that many judges have found relevant in granting attorneys' fees to Plaintiff's counsel's adversaries.  *See, e.g.*, *Bechler*, 2021 WL 848024, at *7 ("Plaintiff's counsel, having filed more than 1,200 copyright cases in this district <u>alone</u> over the last four years, is intimately familiar with the law in this area."); *Usherson v. Bandshell Artist Mgmt.*, 19-CV-6368 (JMF), 2020 WL 3483661, at *1 (S.D.N.Y. June 26, 2020), *aff'd sub nom. Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267 (2d Cir. 2021).  I find it particularly notable that, even confining my review to factually and procedurally similar cases, this is not Plaintiff's "counsel's first rodeo."  *Bechler*, 2021 WL 848024, at *7.  Plaintiff's counsel has filed multiple cases, with similar facts, of which courts in this district disposed on fair use grounds in preliminary motion practice.  *See Clark*, 2019 WL 1448448, at *3; *Yang v. Mic Network, Inc.*, 405 F. Supp. 3d 537, 543 (S.D.N.Y. 2019), *reconsideration denied*, 18-CV-7628 (AJN), 2020 WL 6562403 (S.D.N.Y. Nov. 9, 2020); *see also Rudkowski v. MIC Network, Inc.*, 17 Civ. 3647 (DAB), 2018 WL 1801307, at *3–4 (S.D.N.Y. Mar. 23, 2018) (dismissing factually-similar case brought by Plaintiff's counsel on de minimis use grounds), *appeal withdrawn*, No. 18-2686, 2018 WL 6536114 (2d Cir. Nov. 2, 2018).

Thus, given the specifics of this case, "the need for compensation and deterrence favors [D]efendant."  *Cf. Boesen*, 2021 WL 1145730, at *5.

## II.    <u>Conclusion</u>

For the foregoing reasons, Defendant's motion for attorneys' fees under § 505 is GRANTED.  Because Defendant only sought to establish liability for attorneys' fees on this motion, and not the amount of the reasonable attorneys' fees, *see* Reconsideration Opinion, 2021 WL 4481602, at *3 n.2, Defendant is direct to submit documentation supporting its estimated bill

of fees and costs by no later than May 17, 2022.  Plaintiff is directed to file any objections to the

amount of the fees by no later than May 31, 2022.

      The Clerk of Court is respectfully directed to terminate the open motion at docket number

29.

SO ORDERED.

Dated:  May 2, 2022
        New York, New York

                                                      Vernon S. Broderick
                                                      United States District Judge